UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAZARO TOMAS VICTORES (A#078-486-055),

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-06768-DAD-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee representing himself who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of Cuba who was lawfully admitted into the United States on or about April 5, 2001. ECF No. 5 at 10. He subsequently adjusted his immigration status to become a lawful permanent resident on April 29, 2005. ECF No. 5 at 10. Since that time, he has been convicted of several criminal offenses including Cocaine Possession, two counts of misdemeanor Possession of Drug Paraphernalia, Drug Trafficking-Fentanyl, and misdemeanor Driving Under the Influence of a Controlled Substance. ECF No. 5 at 15-59. While serving his sentence for drug trafficking, Immigration and Customs Enforcement (ICE) officials served him

with a Notice to Appear in immigration court administratively charging him with being removable under INA § 237(a)(2)(B)(i)[1] based on his controlled substance conviction from 2025. ECF No. 5 at 13. On April 1, 2026, Petitioner was released from criminal custody and transferred to ICE custody. ECF No. 5 at 11.

Petitioner is currently detained at the California City Detention Facility located in this judicial district. He filed the instant § 2241 petition on August 24, 2026 challenging his detention without being provided a bond hearing as a violation of the Fifth Amendment due process clause amongst other claims for relief. ECF No. 1. By way of relief, petitioner requests immediate release.

Respondent opposes the habeas petition, asserting that Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1226(c)(1)(B) based on his conviction for trafficking in fentanyl, which constitutes a "controlled substance offense." ECF No. 5; see 8 U.S.C. § 1227(a)(2)(B)(i). Respondent further argues that the Court should dismiss the petition for failure to exhaust administrative remedies through a hearing pursuant to Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999). ECF No. 5 at 2-3.

Since filing the pending habeas petition, an immigration judge issued an order of removal for Petitioner. ECF No. 5 at 70-71. According to Respondent, Petitioner filed an appeal with the Board of Immigration Appeals (BIA), but it was rejected. ECF No. 5 at 2. On September 1, 2026, Petitioner's immigration counsel subsequently filed a motion to reopen in immigration court. ECF No. 5 at 73-79.

## II. Statutory Immigration Standards

Petitioner was lawfully admitted into the U.S. Therefore, the basis for his removability alleged in the NTA is based on his drug trafficking conviction after he became a LPR. According to Respondent, this conviction also makes Petitioner subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). While 8 U.S.C § 1226(a) allows the Attorney General to either detain or release noncitizens while their removal proceedings are pending, § 1226(c) imposes mandatory

[1] This is codified at 8 U.S.C. § 1227(a)(2)(B)(i).

detention on certain noncitizens. That provision states that the Attorney General "shall take into custody any [noncitizen] who… is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]" 8 U.S.C. § 1226(c)(1)(B). Under § 1227(a)(2)(B), a controlled substance conviction is defined as "a violation of (or a conspiracy or attempt to violate) any law or regulation … relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less or marijuana." Fentanyl is classified as a Schedule II controlled substance pursuant to the Controlled Substances Act. See 21 U.S.C. § 812. Having reviewed the state court records pertaining to Petitioner's conviction for Drug Trafficking-Fentanyl, Petitioner is properly detained pursuant to § 1226(c).[2] See Torna Rodirguez v. Warden, No. 1:26-CV-04632-DC-CKD, 2026 WL 2071181, at *1 (E.D. Cal. July 17, 2026), report and recommendation adopted by, No. 1:26-CV-04632-DC-CKD (HC), 2026 WL 2321963 (E.D. Cal. Aug. 11, 2026) (finding the petitioner's conviction was an offense covered under 8 U.S.C. § 1227(a)(2)(B)(i) that triggered mandatory detention under § 1226(c)(1)(B)); Rodriguez v. Chestnut, No. 1:26-CV-04548-DJC-CKD, 2026 WL 2110873, at *2 (E.D. Cal. July 22, 2026), report and recommendation adopted by, No. 1:26-CV-04548-DJC-CKD, 2026 WL 2172202 (E.D. Cal. July 28, 2026) (same).

**III. Exhaustion of Administrative Remedies**

Respondent's argument that the habeas petition should be dismissed because Petitioner never requested a Joseph hearing to challenge his § 1226(c) detention is not persuasive because Petitioner is not challenging the statutory authority for his detention. Rather, he is challenging the prolonged nature of his civil detention absent a bond hearing. In these circumstances, pursuit of a Joseph hearing would be futile, if not frivolous. Petitioner need not avail himself of a futile administrative remedy simply to prove the futility of a bond request that the parties already acknowledge he is not entitled to make under the applicable statutory detention authority.

---

[2] The Court grants Respondent's request to take judicial notice of these state court records. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

Therefore, Respondent's motion to dismiss the petition should be denied.

**IV. Due Process Analysis**

The undersigned liberally construes the petition as raising an as-applied, procedural due process challenge to Petitioner's § 1226(c) detention without bond. See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (courts must "construe pro se habeas filings liberally"). The Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510, 531 (2003). The Supreme Court did so with the understanding that § 1226(c) detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the alien chooses to appeal." Id. at 513, 529 n.12, 530. Justice Kennedy joined the opinion in full, but wrote a concurring opinion recognizing the viability of as-applied challenges under the majority's framework: "[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring). Later, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court recognized the right to bring such as-applied challenges: "Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." Preap, 586 U.S. at 420.

The Ninth Circuit Court of Appeal has expressly declined to address "[w]hether due process requires a bond hearing" in cases of prolonged § 1226(c) detention. Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022), cert. granted, judgment vacated, 144 S. Ct. 1339 (2024). However, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018). Other federal appellate courts have also concluded that Demore does not foreclose as-applied challenges to prolonged detention under § 1226(c). "The Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a

bond hearing—become necessary." Black v. Decker, 103 F.4th 133, 145 (2d Cir. 2024), cert. granted sub nom. Genalo v. Black, 146 S. Ct. 2733 (U.S. June 15, 2026), dismissed by agreement of all parties, 2026 WL 2752021 (U.S. Sept. 16, 2026). The undersigned finds this authority persuasive and agrees that Demore does not bar an as-applied challenge to prolonged detention without a hearing to determine whether such detention is justified.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

The undersigned has considered the various tests developed by district courts within the Ninth Circuit, and finds that Mathews v. Eldridge, 424 U.S. 319 (1976), provides the appropriate test for due process challenges to prolonged detention under § 1226(c). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

## V. Mathews Factors

### A. Private Interest

An individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011). Courts of Appeal have generally declined to adopt a specific threshold for when detention under § 1226(c) becomes prolonged. See German Santos v. Warden Pike Cty. Correctional Facility, 965 F.3d 203, 211 (3d

Cir. 2020); Black, 103 F.4th at 150; Reid v. Donelan, 17 F.4th 1, 7–9 (1st Cir. 2021). While the Ninth Circuit has not addressed this question, it has previously referred to detentions longer than six months as prolonged "in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz, 53 F.4th at 1207 (citations omitted). Indeed, other courts within this Circuit have found due process violations where the length of mandatory detention without bond was similar to the length of detention at issue here. See, e.g., Chen v. Aitken, 917 F. Supp. 2d 1013, 1018 (N.D. Cal. 2013) (holding petitioner's seven-month detention under § 1225(b) was "prolonged" because it "has lasted well beyond the typical period described in Demore" and "neither release nor removal are imminent").

Moreover, courts hearing as-applied challenges to § 1226(c) detention have also considered the likely duration of future detention. See Lopez, 631 F. Supp. 3d at 880-81 (finding petitioner's administrative appeals and likely appeal to the Ninth Circuit weighed toward granting request for bond hearing). In this case, although an IJ ordered Petitioner removed, he filed a motion to reopen these proceedings, which remains pending. Additionally, Petitioner contends in his reply brief that he cannot be removed to Cuba because the government there is not repatriating any citizens which will further lengthen his immigration detention. ECF No. 10 at 2. Therefore, additional immigration proceedings will be necessary to determine whether the country listed in Petitioner's removal order, i.e., Cuba, is reasonably foreseeable or, if Respondent will pursue third country removal. Based on its duration to date without bond and the likelihood of continued mandatory detention during all these additional removal proceedings, the undersigned finds petitioner's detention is sufficiently "prolonged" and confers a substantial private interest.

**B. Risk of Erroneous Deprivation**

The second Mathews factor is "the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Mathews, 424 U.S. at 335. This factor firmly favors Petitioner for several reasons. "[T]he risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial." Diouf v. Napolitano, 634 F.3d 1081, 1092 (9th

Cir. 2011) (abrogated on other grounds). "In the absence of any meaningful initial procedural safeguards, it appears to us that almost any additional procedural safeguards at some point in the detention would add value." Black, 103 F.4th at 153 (emphasis in original); see also Jimenez v. Wolf, No. 19-cv-7996 NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) (finding "high" risk of an erroneous deprivation where petitioner had not received any bond or custody redetermination hearing during his one-year detention under § 1226(c)). Accordingly, the second Mathews factor also weighs in favor of Petitioner.

**C. Government Interest**

Under this factor, the Court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. Higher courts have repeatedly recognized that, "[t]he government has an obvious interest in 'protecting the public from dangerous criminal [noncitizens].'" Rodriguez Diaz, 53 F.4th at 1208 (quoting Demore, 538 U.S. at 515). Courts have also recognized that the detention of noncitizens during removal proceedings can also serve the legitimate government purpose of preventing flight. Prieto-Romero, 534 F.3d at 1065 (citing Demore, 538 U.S. at 528). Thus, in some general way, the government has an interest in the detention of non-citizens held under § 1226(c). However, "the additional procedural safeguards we would allow here under Mathews do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees." Black, 103 F.4th at 153–54; see also Jimenez, 2020 WL 510347, at *3 ("Providing a bond hearing would not undercut the government's asserted interest in effecting removal. After all, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community.") (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)). In Petitioner's case, the government's interest in further detaining him without a hearing to determine whether such detention is justified is minimal.

Administrative burden is a legally cognizable interest under Mathews. But Respondent's interest is further diminished by the low fiscal and administrative burdens associated with a bond

hearing. See D. L.C., 2026 WL 25511, at *5 ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government." (quoting Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)).

**VI. Remedy**

For reasons explained above in the Mathews analysis, the undersigned finds Petitioner's request for a bond hearing to be the appropriate relief in this case where the government has the burden of demonstrating by clear and convincing evidence that Petitioner presents a risk of flight or danger. See Singh v. Albarran, No. 1:26-cv-0940 DC DMC (HC), 2026 WL 392169, at *5 (E.D. Cal. Feb. 12, 2026) (collecting cases); Singh v. Chestnut, No. 1:26-cv-00127 DC SCR (HC), 2026 WL 766567 (E.D. Cal. March 18, 2026) (adopting Findings and Recommendations and granting a bond hearing); see also Black, 103 F.4th at 157 ("[O]nce detention under section 1226(c) has become so prolonged that due process warrants a bond hearing . . . the government must justify continued detention at such a hearing . . . by clear and convincing evidence.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on claim one only.[3]

2. Respondent be ordered to provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's continued detention by clear and convincing evidence, within fourteen (14) days from any order resolving the § 2241 petition.

3. Respondent be further required to provide seven (7) days advance written notice of the bond hearing date to Petitioner as well as any immigration counsel of record for Petitioner.

4. Respondent be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing.

5. If Petitioner is granted release on bond, respondent shall return all of Petitioner's documents and possessions at the time of release.

---

[3] In the interests of judicial economy and based on the recommended relief, the undersigned finds it unnecessary to address the remaining claims in the § 2241 petition.

6. The final order in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. Judgment be entered in Petitioner's favor and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE